**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

ROY GILMORE,                              )
                                          )
            Petitioner,                   )
                                          )
v.                                        )            Case No. CIV-20-521-D
                                          )
MIKE HUNTER, et al.,                      )
                                          )
            Respondents.                  )

## ORDER

Petitioner, appearing *pro se*, filed this action under 28 U.S.C. § 2241, alleging a

violation of his Sixth Amendment right to a speedy trial.  Petitioner is incarcerated at the

Freemont Correctional Facility in Canon City, Colorado, on Colorado convictions.  His

speedy trial challenge, however, relates to pending charges in Oklahoma County District

Court, Case No. CF-2015-3368.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was

referred to United States Magistrate Judge Shon T. Erwin for initial proceedings.

On August 11, 2020, Judge Erwin filed a Report and Recommendation [Doc. No.

9], in which he recommended that the Court *sua sponte* dismiss the habeas petition for lack

of jurisdiction, concluding that Petitioner is not "in custody" for purposes of 28 U.S.C. §

2241.[1] Specifically, Judge Erwin noted that, absent an Oklahoma detainer lodged against

---

[1] Citing to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 486–87 (1973),
Judge Erwin rejected Respondent Mike Hunter's jurisdictional argument because
Petitioner's current physical confinement is not at issue; rather, Petitioner challenges the
failure of the Oklahoma County District Court to bring him to trial on the 2015 charges.

Petitioner, the Court lacks jurisdiction to hear Petitioner's speedy trial challenge to his

Oklahoma charges. *See, e.g., Ruiz v. Okla. Cty. Sheriff's Office*, Case No. CIV-07-43-C,

2007 WL 950367, at *2 n.5 (W.D. Okla. Mar. 27, 2007) (finding it was questionable

whether the petitioner could show he was "in custody" for purposes of § 2241 where the

record before the court indicated that a state detainer may not currently be in effect); *Ball*

*v. Scott*, Case No. 93-3345, 1994 WL 562023, at *2 (10th Cir. Oct. 13, 1994)

(unpublished).[2]

Judge Erwin advised Petitioner of his right to object and directed that any objection

be filed on or before August 28, 2020.  Judge Erwin further advised Petitioner that any

failure to object would result in a waiver of the right to appellate review.  The deadline for

filing objections has passed.  To date, Petitioner has not filed objections and has not sought

an extension of time in which to do so.

Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 9] is

**ADOPTED** as though fully set forth herein.  This action is **DISMISSED** without

prejudice.  Respondent Mike Hunter's Motion to Dismiss [Doc. No. 7] is **DENIED**.  A

judgment shall be issued forthwith.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 Cases,[3] the Court must issue or deny a certificate of appealability ("COA")

---

[2] All unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th CIR. R. 32.1.

[3] The Rules Governing Section 2254 Cases provide that a "district court may apply any or all of these rules to a habeas corpus petition not [brought under § 2254]."  Rules Governing

when it enters a final order adverse to a petitioner.  A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  Upon consideration, the Court finds the requisite standard is not met in this case.  Therefore, a COA is **DENIED**.  The denial shall be included in the judgment.

**IT IS SO ORDERED** this 14th day of September 2020.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

Section 2254 Cases, Rule 1(b); *see also Heath v. Norwood*, 325 F. Supp. 3d 1183, 1197 n.9 (D. Kan. 2018).  The Court elects to do so here.